OPINION
Defendant-Appellant, Jeffrey L. Wobbler, appeals from a judgment of conviction and sentence entered by the Putnam County Common Pleas Court finding him guilty of one count of gross sexual imposition, a third degree felony in violation of R.C. 2907.05(A)(4). Wobbler asserts that his sentence is contrary to law, arguing that the trial court erred by not recognizing his substance abuse pattern as a mitigating factor and by failing to consider his acknowledgement of his abuse problem in reviewing seriousness and recidivism factors. Because the trial court was well aware of the circumstances surrounding the offense, recognized that Wobbler exhibited a pattern of drug or alcohol abuse, and was free to give more weight to his substance abuse problems and other factors than to his recent acknowledgement thereof or attempts at treatment, we do not find that Wobbler clearly and convincingly demonstrated that the sentence imposed was unsupported by the record or contrary to law. Accordingly, we affirm the trial court's judgment.
Procedural history and facts relevant to issues raised on appeal are as follows. On the evening of August 31, 2000, Wobbler was drinking at a Putnam County bar known as Wannemakers. At some point, he decided that he was too intoxicated to drive home, so he asked the bartender, Stephanie Brinkman, if he could spend the night at her nearby residence. Brinkman acquiesced to his request.
At some point during the evening, Wobbler ventured to an upstairs bedroom in which Brinkman's son and twelve-year-old daughter, Alissa, were sleeping. Alissa alleged that she awoke to find Wobbler with his hand on her genitals. Wobbler then stumbled out of the room and back downstairs to the couch. Terrified, Alissa called her mother at work and police were summoned to the scene.
Wobbler was subsequently indicted on a third degree felony count of gross sexual imposition. On January 30, 2001, a jury returned a verdict of guilt. The trial court continued the proceedings for sentencing and ordered that a presentence investigation report be conducted. At the sentencing hearing, Wobbler was adjudicated a sexually oriented offender and sentenced to four years in prison. Wobbler appealed the verdict and sentence.[1]
On October 30, 2001, we affirmed the guilty verdict, reversed sentencing for failure to make findings necessary to support imposition of more than the minimum sentence, and remanded the matter for further proceedings.[2] Upon remand, the trial court resentenced Wobbler to a four-year term of imprisonment.
The instant appeal followed, with the following single assignment of error presented for our consideration: Assignment of Error The trial court committed an error of law by imposing a sentence of imprisonment, which is contrary to law.
Within the assigned error, Wobbler contends that the trial court misapplied seriousness and recidivism factors contained within R.C.2929.12, concluding that the circumstances of this case do not warrant imposition of more than the minimum sentence.
The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13, and 2929.14 determine a particular sentence.[3] Accordingly, strict compliance with the aforementioned sentencing statutes is required.[4]
Furthermore, the court's findings must be made on the record at the sentencing hearing.[5] In other words, at the sentencing hearing the trial court must set forth the statutorily mandated findings and, when necessary, state the particular reasons for making those findings.[6]
The fact that the trial court made the necessary statutory findings in a subsequent judgment entry will not correct sentencing hearing deficiencies.[7] A sentencing court need not, however, recite the exact words of the statute in a talismanic ritual so long as the record clearly indicates that the court considered applicable sentencing guidelines and set forth appropriate findings and reasons in support of its determination.[8]
R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if the court finds by clear and convincing evidence:
 That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13; division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 That the sentence is otherwise contrary to law.
Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[9]
In reviewing trial court decisions founded upon this degree of proof, an appellate court must examine the record to determine whether the evidence satisfies the clear and convincing standard.[10]
When sentencing an offender on a third degree felony, a trial court may impose a definite prison term of "one, two, three, four, or five years."[11] Where, as here, a prison term is imposed upon an offender for a felony and the offender has not previously served a prison term, R.C. 2929.14(B) directs the court to impose the shortest term unless it finds on the record that "the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
In addition, R.C 2929.13(C) requires that "in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section2929.12 of the Revised Code." According to R.C. 2929.11, the overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. When sentencing an offender, the trial court is granted broad discretion in determining the most effective way to uphold these objectives.[12] R.C. 2929.12 enumerates a nonexclusive list of seriousness and recidivism factors that sentencing courts must consider. Courts are also permitted to contemplate any other circumstances or factors that are relevant to achieving the purposes and principles of sentencing[13] and are provided significant discretion in determining the weight to be assigned to these and other statutory factors.[14]
At the sentencing hearing, the trial court made the appropriate statutory findings for imposition of more than the minimum sentence. Having considered the evidence presented and the purposes and principles of sentencing, the court found that Wobbler did not show remorse, denied culpability, and shifted the blame to others. Examining the circumstances of the crime, the court determined that the seriousness of the offense was exacerbated by the young age of the victim, that there had been a significant emotional impact upon the victim, and that the relationship with the victim facilitated the offense. The court also noted that Wobbler had a prior criminal history, including, but not limited to, a breaking and entering conviction, a driving under the influence conviction, and three domestic violence charges, ultimately concluding "[t]hat he has not been rehabilitated to a satisfactory degree and continues to engage in criminal activity[.]"
R.C. 2929.12(D)(3), one of the enumerated factors evidencing a likelihood of recidivism, states:
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
Wobbler seizes upon the "rehabilitated to a satisfactory degree" language in the court's pronouncement, arguing that R.C. 2929.12(D)(3) is limited in application to those who have been adjudicated a delinquent child, that he has no juvenile adjudications, and that his successful completion of previously imposed sanctions evidences that he has responded favorably to those sanctions.
We are not persuaded by Wobbler's argument that consideration of whether one responds favorably to previous sanctions is strictly limited to whether the defendant completed those sanctions without incident: a highly indicative factor of whether an offender has responded favorably to previous sanctions or is amenable to available penalties is the whether the offender has been deterred from further criminal conduct. Moreover, as mentioned previously, a sentencing court need not recite precise statutory phraseology so long as the record clearly indicates that the court considered applicable sentencing guidelines in an appropriate context: a sentencing court may satisfy its duty under R.C. 2929.12 with mere rote recitation of the factors it determined to be applicable.[15]
In this case, we find that the synonymous nature of whether Wobbler "has not been rehabilitated to a satisfactory degree" or "has not responded favorably to sanctions previously imposed" and the court's consideration of the lack of rehabilitation in light of his continued engagement in criminal activities provides a clear indication that the court interpreted and applied the evidence and sentencing guidelines in an appropriate context.
Wobbler further asserts that the trial court erred in two respects regarding the consideration of his twenty-year history of alcohol and drug abuse. Initially, Wobbler contends that his substance abuse problem, which admittedly related and contributed to the underlying offense, was a substantial ground mitigating the seriousness of his conduct and should have been considered by the trial court when determining his sentence.
R.C. 2929.12(C)(4) provides that courts shall consider whether "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." This does not, however, require that any certain weight be given to potentially mitigating circumstances; instead, the trial court, in exercising its sentencing discretion, determines the weight to be afforded any mitigating grounds.[16] Moreover, contrary to Wobbler's assertions, we are not faced with the situation where a court has failed to acknowledge or consider the substance abuse issue, as the trial court was well aware of the circumstances surrounding the offense and recognized that Wobbler exhibited a pattern of drug or alcohol abuse. The court was free to assign the weight to be afforded these circumstances.
Wobbler also argues that the trial court erred in its consideration and application of R.C. 2929.12(D)(4), the recidivism factor concerning whether the offender has demonstrated a pattern of substance abuse. In this case, Wobbler was intoxicated during the offense and admitted at the sentencing hearing that he had a substance abuse problem involving alcohol and pain killers and that the abuse problem had dictated his life. As indicated above, the trial court mentioned his substance abuse problem in its adjudication. Wobbler avers, however, that the court failed to recognize his acknowledgement of his abuse problem or his attempts to treat the problem, asserting that the court misapplied the recidivism factor and that the sentence was, therefore, contrary to law.
R.C. 2929.12(D)(4), provides:
 (3) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
In State v. McLemore,[17] we held that this sentencing factor has two components: 1) that there is a pattern of abuse that is related to the offense, and 2) that pattern of abuse is unacknowledged or untreated at the time of sentencing. We concluded that where the defendant has clearly and convincingly demonstrated that the trial court's R.C.2929.12(D)(4) finding was erroneous, we would decline to speculate as to what specific effect, if any, the application of the correct factors would have on the trial court's sentencing decision and would remand the case for resentencing.[18] As discussed previously, however, this does not prevent the court, in the exercise of its discretion, from giving more weight to the abuse problem's role in the immediate offense and criminal history, effects upon the victim and defendant, and duration, than the defendant's recent acknowledgement thereof or attempts at treatment that have not resulted in any degree of success. Moreover,McLemore is distinguishable from the case presented herein.
In reviewing the seriousness and recidivism factors the trial court inMcLemore found that, although the defendant admitted using cocaine once a month, he failed to acknowledge a pattern of drug abuse. The court also found that there were "several recidivism unlikely factors," and, in weighing those factors, stated that since "the recidivism unlikely and recidivism likely factors evenly balanced each other out, the Court will make no finding in that area." Upon review of the record, we found that there was no evidence supporting the conclusion that the defendant had refused treatment or refused to acknowledge the pattern of drug abuse. Conversely, the record revealed that the defendant had acknowledged his drug abuse, taken steps to correct his behavior and address the problem, and passed a series of voluntary urinalysis tests. Given the circumstances presented, the erroneous finding, and the potential that the correct application of the factor might impact the trial court's sentencing decision in his favor, we found that the defendant had clearly and convincingly established that his sentence was contrary to law and remanded the matter for resentencing.
In the instant case, the trial court did not make an erroneous, unsupported finding that Wobbler refused to acknowledge his substance abuse problem or receive treatment. Moreover, although presented with evidence that he had participated in some counseling and wished to participate in additional programs, the trial court was free to give more weight to the fact that he continued to engage in a pattern of criminal conduct throughout his years of substance abuse, that he was intoxicated during the offense, that his intoxication precipitated the fondling of a friend's twelve-year-old daughter, that the child suffered significant emotional harm, that he denied responsibility therefor, and that he did not show remorse for his conduct. Based upon the foregoing, we find that the trial court's reliance on these essentially unchallenged facts was appropriate in the exercise of its discretion. Therefore, Wobbler has not clearly and convincingly demonstrated that the sentencing decision that the sentence was unsupported by the record or contrary to law.
Accordingly, Wobbler's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of sentencing is affirmed.
Judgment affirmed.
SHAW, P.J. and BRYANT, J., concur.
[1] State v. Wobbler (October 30, 2001), Putnam App. No. 12-01-01, unreported.
[2] Id. See, also R.C. 2929.14(B).
[3] State v. Martin (1999), 136 Ohio App.3d 355, 362.
[4] Id.
[5] Id. at 361; see, also, State v. Williams (2000), 136 Ohio App.3d 570,572.
[6] Williams, 136 Ohio App.3d at 572.
[7] State v. Black (Nov. 15, 2000), Crawford App. No. 3-2000-14, unreported, dismissed, appeal not allowed by 91 Ohio St.3d 1471.
[8] State v. Mitchell (March 28, 2002), Crawford App. No. 3-01-20, unreported, citing State v. Kelly (2001), 145 Ohio App.3d 277, 281; Statev. Arnett (2000), 88 Ohio St.3d 208, 215; State v. Martin (2000),140 Ohio App.3d 326, 334-335; State v. Finch (1998), 131 Ohio App.3d 571,575; State v. Cantiberry (Sept. 28, 2001), Hancock App. No. 5-01-14, unreported; State v. Cooper (Nov. 22, 2000), Marion App. No. 9-2000-49, unreported.
[9] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
[10] Schiebel, 55 Ohio St.3d at 74.
[11] R.C. 2929.14(A)(3).
[12] R.C. 2929.12(A); State v. Fyffe (Oct. 5, 2001), Auglaize App. No. 2-01-16, unreported; State v. Avery (1998), 126 Ohio App.3d 36,50-51.
[13] See R.C. 2929.12(A), (B), (C), (D), and (E).
[14] Arnett (2000), 88 Ohio St.3d at 215, citing State v. Fox (1994),69 Ohio St.3d 183, 193; State v. Mills (1992), 62 Ohio St.3d 357, 376; See, also, Avery, 126 Ohio App.3d at 50.
[15] Arnett. 88 Ohio St.3d at 215.
[16] State v. Nutter (Aug. 24, 2001), Wyandot App. No. 16-01-06, unreported.
[17] State v. McLemore (2000), 136 Ohio App.3d 550.
[18] Id. at 552-553.